UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER GERARD AHEE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-10517-JLT |
| ) | |
| vs. ) | |
| ) | **ORAL ARGUMENT REQUESTED** |
| PHILIP LAUGHLIN, MICHAEL SABLONSKI, ) | |
| ALBERT ERANI, DONNA ABELLI, ) | |
| LOPOLITO, JOHN J. ACARI, HERBERT M. ) | |
| STEIN, ALAN ADES, BERNARD A. MAR- ) | |
| DEN, ALAN W. TUCK, NOVARTIS PHARMA | |
| AG and PRICEWATERHOUSECOOPERS LLP, | |
| | |
| Defendants. | |

**PROPOSED LEAD PLAINTIFFS THE HOFFMAN
GROUP'S MOTION TO STRIKE DEFENDANT
PRICEWATERHOUSECOOPERS LLP'S
<u>MOTION TO DISMISS</u>**

Proposed lead plaintiffs Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen (collectively known as "the Hoffman Group" or "Movants") in the action captioned, <u>Bruno Hoffman et. al, v. Philip Laughlin, et. al.</u>, Civil Action No. 04-10027 (JLT) (D. Mass., filed January 7, 2004) (the "<u>Hoffman</u> Action"), by their counsel, hereby move this Court to strike defendant PricewaterhouseCoopers LLP's motion to dismiss, dated April 5, 2004, without prejudice, or, in the alternative, for twenty (20) days to respond thereto on the merits if Movants' motion to strike is not granted. The grounds for the Hoffman Group's motion to strike are set forth in the memorandum of law accompanying their motion to strike the PwC's motion to dismiss in the <u>Hoffman</u> Action, entitled, "Plaintiffs' Preliminary Opposition To Defendant PricewaterhouseCoopers LLP's Motion To Dismiss And Memorandum In Support Of Plaintiffs' Motion To Strike

PricewaterhouseCoopers' Motion To Dismiss Or, In The Alternative, For An Extension Of Plaintiffs' Time To Respond," dated April 12, 2004, a copy of which is attached hereto as Exhibit A.

### REQUEST FOR ORAL ARGUMENT

Movants respectfully request oral argument on this motion.

DATED: April 12, 2004

Respectfully Submitted,

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street
Suite 1100
Boston, MA 02109
(617) 369-7979

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on 4/12/04.
/s/ Nancy F. Gans

**Proposed Liaison Counsel for proposed lead plaintiffs Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen**

**MILBERG WEISS BERSHAD HYNES & LERACH LLP**
Steven G. Schulman
Elaine S. Kusel
Peter Sloane
One Pennsylvania Plaza
49th Floor
New York, NY 10119
(212) 594-5300

**Proposed Lead Counsel for proposed lead plaintiffs Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen**

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUNO HOFMANN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NOVARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS LLP,<br><br>Defendants. | Case No.: 1:04cv10027-JLT |

**PLAINTIFFS' PRELIMINARY OPPOSITION TO DEFENDANT
PRICEWATERHOUSECOOPERS LLP'S MOTION TO
DISMISS, AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO STRIKE PRICEWATERHOUSECOOPERS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR AN EXTENSION OF PLAINTIFFS' TIME TO RESPOND**

MOULTON & GANS, P.C.
Nancy Freeman Gans, BBO #184540
33 Broad Street
Suite 1100
Boston, MA 02109
(617) 369-7979

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
Steven G. Schulman
Elaine S. Kusel
Peter Sloane
One Pennsylvania Plaza
49th Floor
New York, New York 10019
(212) 594-5300

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................5

    A.    Every Court That Has Addressed The Issue Had Held That A Motion To Dismiss In A Securities Class Action Should Not Be Considered Until After Lead Plaintiff Status Has Been Determined And/Or An Amended Complaint Has Been Filed. ..................................................................................5

    B.    The Timing of PwC's Motion Is Inconsistent With The PwC Stipulation. ..............7

    C.    PwC's Motion Is Premature Because It Runs Afoul Of The Procedures And Policies Of The PSLRA. ....................................................................................8

    D.    PwC's Motion Is Premature Because This Action Has Not Been Consolidated With Similar Pending Actions And The Motion Therefore Invites Duplicative Or Conflicting Rulings .............................................................11

    E.    PwC In No Way Would Be Prejudiced By Delaying Disposition Of Its Motion To Dismiss ..................................................................................................12

    F.    The Court Should Exercise Its Inherent And Express Powers To Control Its Docket And Strike PwC's Motion As Premature ...............................................13

    G.    Plaintiffs' Alternative Request For Relief ...............................................................13

CONCLUSION..................................................................................................................14

Proposed lead plaintiffs Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen (collectively, "Plaintiffs" or the "Hofmann Group"), by their counsel, respectfully submit this memorandum of law as a preliminary opposition to defendant PricewaterhouseCoopers LLP's ("PwC") motion to dismiss the complaint and in support of Plaintiffs' motion to strike PwC's motion to dismiss or, in the alternative, to extend Plaintiffs' time to respond thereto on the merits if PwC's motion is not stricken.

## INTRODUCTION

This securities class action lawsuit was filed on January 7, 2004, pursuant to the provisions of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act (the "PSLRA"). PwC was properly served with the Complaint on January 29, 2004 and its time to answer or otherwise respond to the Complaint under the Federal Rules of Civil Procedure expired on February 18, 2004. Since the filing of the Complaint, at least one additional class action has been filed which asserts similar claims and arises out of the same common nucleus of operative facts.[1]

On February 11, 2004, counsel for PwC contacted Plaintiffs' counsel and requested that Plaintiffs agree to the standard stipulation extending PwC's time to answer or otherwise respond to the complaint. Plaintiffs agreed to PwC's request, and the parties entered into a stipulation, filed on February 12, 2004, that provides that PwC's answer or dispositive motion in response to the complaint is to be filed "*after* the later of: (a) the Court's selection of a lead plaintiff" or "(b) the date on which the consolidated amended complaint, if any, is served upon defendants." Stipulation And Order to Extend PwC's Time to Respond To Complaint (the "PwC Stipulation") at 1 (emphasis added) (attached hereto as Exhibit A).

---

[1] That action is captioned, Christopher Gerard Ahee v. Philip Laughlin, et al., Civil Action No. 04-10517 (JLT) (the "Ahee Action").

On March 22, 2004, the Hofmann Group, pursuant to the PSLRA, timely filed a motion for the appointment of the Hofmann Group as lead plaintiffs in this action, for the appointment of the Hofmann Group's choice of Milberg Weiss Bershad Hynes & Lerach LLP and Moulton and Gans, P.C., as lead counsel and liaison counsel, respectively, for the class, and for consolidation of this action and the Ahee Action. The same day, a separate group of class members (the "Crawford Group"), pursuant to the PSLRA, timely filed a motion for the appointment of the Crawford Group as lead plaintiffs in this action and for the appointment of Bernstein Liebhard & Lifshitz, LLP and Gilman and Pastor, LLP, as lead counsel and liaison counsel, respectively, for the class. On April 5, 2004, the Hofmann Group and the Crawford Group entered into a stipulation and proposed order (which has been submitted to the Court for its consideration and approval) in which the Crawford Group withdrew its motion for appointment of lead plaintiff and stipulated to the appointment of the Hofmann Group as lead plaintiff and to their choice of counsel as lead counsel and liaison counsel for the class. See Stipulation and [Proposed] Order Consolidating Actions, Appointing Lead Plaintiff and Approving Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel, dated April 5, 2004 (the "Lead Plaintiff Stipulation and Proposed Order"), at 2 (attached hereto as Exhibit B). The Court has not yet taken any action concerning the Lead Plaintiff Stipulation and Proposed Order. Accordingly, the Court has not yet appointed any lead plaintiff or lead counsel in this action, nor has the Court yet consolidated this action and the Ahee action. Thus, this action is in its infancy.

Nonetheless, PwC — alone among the eleven defendants in this action — precipitously filed a motion to dismiss the complaint on March 29, 2004.[2] As PwC's counsel is well aware,[3]

---

[2]   PwC also filed a motion to dismiss the complaint in the Ahee action, on April 5, 2004.

the filing of its motion dismiss before the appointment of lead plaintiff and lead counsel and before the Court-appointed lead plaintiff has had the opportunity to file an amended complaint is inappropriate under well-settled precedent, the procedures established by the PSLRA for the orderly and efficient administration of securities class actions, and the PwC Stipulation that PwC itself agreed to. Further, given the liberal amendment provisions of Rule 15 of the Federal Rules of Civil Procedure, including Plaintiffs' right to amend their complaint once as a matter of right even after a motion to dismiss has been filed, PwC's motion will only needlessly waste the resources of the parties and the Court, which will have to adjudicate a second motion to dismiss after the Court-appointed lead plaintiff has been appointed and has filed a consolidated amended complaint.

For these reasons, every court to have considered the issue — including Judge Saris of the District of Massachusetts in a case defended by PwC's counsel in this action — has held that dispositive motions in a securities class actions should not be filed until after all actions have been consolidated, lead plaintiff and lead counsel have been appointed, and the lead plaintiff has filed an amended complaint. Indeed, in one such case, a securities class action in which the court struck a motion to dismiss filed by defendants before the determination of lead plaintiff status and before the filing of an amended complaint, the court stated: ***"The Court has not found . . .***

---

[3]   On April 6, 2004, before filing the Motion to Strike and responding to PwC's motion to dismiss, Plaintiffs, in an attempt to avoid needless litigation on this issue, apprised PwC of the well-settled rule against prematurely filing dispositive motions in securities actions and pointed out the ample authority supporting that rule. See Letter, dated April 6, 2004, from Elaine S. Kusel to James R. Carroll (attached hereto as Exhibit C). Plaintiffs requested that, in light of this rule, PwC withdraw its motion without prejudice to its right to renew the motion at the appropriate time. See id. at 2. PwC did not even bother to respond to Plaintiffs' request, much less withdraw their motion. PwC's decision to proceed with this motion, and to require Plaintiffs and the Court to waste valuable resources in defending and adjudicating the motion at this time, is thus particularly inappropriate.

*any case involving the PSLRA where a motion to dismiss was addressed prior to the selection of lead plaintiff and lead counsel and the filing of an amended complaint.*" Slone v. Fifth Third Bancorp, No. C-1-03-211, slip op. at 8 (S.D. Ohio Oct. 22, 2003) (emphasis added) (attached hereto as Exhibit D).

Furthermore, PwC will not suffer any prejudice if the disposition of its motion is delayed, given that the automatic discovery stay imposed by the PSLRA is operative from the outset of the case, even before defendants have filed a motion to dismiss if they have signaled their intention to do so. Here, Plaintiffs have not even propounded any discovery to PwC (or any other defendant for that matter) and have no intention of doing so until after any motion to dismiss a consolidated amended complaint has been filed and adjudicated.

Given the foregoing, Plaintiffs respectfully request that the Court strike PwC's motion to dismiss as premature, without prejudice to its renewal at a later time after the Court has appointed a lead plaintiff and lead counsel and a consolidated amended complaint has been filed. In the alternative, should the Court decline to grant the motion to strike, Plaintiffs respectfully request twenty (20) days time to respond to PwC's motion on the merits.[4]

---

[4] For the reasons set forth herein, Plaintiffs believe that PwC's motion to dismiss is premature and should be stricken. When Plaintiffs submit an opposition on the merits to a timely motion to dismiss, Plaintiffs will not hesitate to point out the flaws in PwC's one-sided and misleading portrayal of the claims. Plaintiffs' opposition and motion to strike should not be construed as, and is not, a waiver of any of Plaintiffs' rights to oppose any of the issues raised by PwC's motion to dismiss.

## ARGUMENT

A.  **Every Court That Has Addressed The Issue Had Held That A Motion To Dismiss In A Securities Class Action Should Not Be Considered Until After Lead Plaintiff Status Has Been Determined And/Or An Amended Complaint Has Been Filed.**

In all of the few cases in which a defendant in a securities class action has attempted to prematurely file a motion to dismiss, courts uniformly have ruled that such dispositive motions should not even be considered, much less decided, before the court has appointed a lead plaintiff and lead counsel and the lead plaintiff has had the opportunity to file an amended complaint. For example, in Ormer v. Aspen Technologies, No. 98-CV-12018, (D. Mass. Nov. 18, 1998) (Saris, J.) — a securities class action defended by the same counsel that represents PwC in this action — the defendants filed a motion to dismiss before the appointment of a lead plaintiff and before the filing of an amended complaint. See Aspen Technologies, Joint Statement and Scheduling Order Pursuant to Local Rule 16.1 and Order at 2 (January 4, 1998) ("Aspen Technologies Order") (attached hereto as Exhibit E). After briefing by the parties on the plaintiff's motion to strike the motion to dismiss as premature, Judge Saris of the District of Massachusetts stayed the defendants' motion to dismiss until it had made a determination of lead plaintiff issues. See Aspen Technologies, docket entry dated November 18, 1998 (attached hereto as Exhibit F); see also Aspen Technologies Order at 4 (setting schedule providing for defendants to file motion to dismiss *after* filing of consolidated amended complaint).

Similarly, in Slone, another securities class action in which the defendants filed a motion to dismiss before the appointment of lead plaintiff and the filing of an amended complaint, the court struck the defendants' motion to dismiss without prejudice to defendants re-filing the motion at the "appropriate time." Slone, supra, slip op. at 8 (attached hereto as Exhibit D). The court ruled that the "appropriate time" for filing a renewed motion to dismiss was "*after* an

- 5 -

amended complaint has been filed or after the time given to file an amended complaint expires." Id. at 8 (emphasis added). Both "the language of the PSLRA and its implementation by the courts" and considerations of "judicial economy" supported striking the premature motions to dismiss. Id. at 7-8. In reaching this conclusion, the court stated: "The Court has not found and the Parties have not identified *any case* involving the PSLRA where a motion to dismiss was addressed prior to the selection of lead plaintiff and lead counsel and the filing of an amended complaint." Id. at 8 (emphasis added).

The Slone court also noted that entertaining the motion to dismiss before the lead plaintiff determination and the filing of an amended consolidated complaint would not comport with judicial economy. The court stated:

> Judicial economy argues for striking Defendants' Motions to Dismiss. . . . In the event that the Motions to Dismiss are granted, [the plaintiff] will be able to, as a matter of right, file an amended complaint and [the plaintiff] has indicated that he will do so. The Court would then be asked to address another motion to dismiss. . . . [T]he court would be faced with twice addressing motions to dismiss.

Id. at 7-8.

Likewise, in In re HealthSouth Corp. 2002 Sec. Litig., No. CV-02-BE-2105-S, slip op. (N.D. Ala. Nov. 6, 2002), another securities class action under the PSLRA, the court stayed all submissions concerning any motions to dismiss or other dispositive matters "until a determination of lead counsel and other case management issues." Id. at 1 (attached hereto as Exhibit G).

Finally, in Tarica v. McDermott International, Inc., Civil Action No. 99-CV-3831, Preliminary Scheduling Order (E.D. Ala. Feb. 15, 2000), the defendants filed a motion to dismiss the plaintiffs' securities class action complaint before the appointment of lead plaintiff and

before the filing of an amended complaint.  Id. at 1-2 (attached hereto as Exhibit H).  After plaintiffs filed a motion to suspend and abate the motion to dismiss, defendants withdrew their motion without prejudice to re-filing and the court ordered that any such motion be filed *after* a lead plaintiff had been appointed and had filed an amended complaint.  Id. at ¶¶ 2-4; see also Sherleigh Assocs. LLC v. Windmere-Durable Holdings, Inc., 184 F.R.D. 688, 698 (S.D. Fla. 1999) (staying motion to dismiss pending resolution of appointment of lead counsel).

Here PwC, like the defendants in the above cases, has filed a motion to dismiss at the earliest stages of this litigation — before the appointment of lead plaintiff and lead counsel.  As in Aspen Technologies, Slone, In re HealthSouth Corp., and Tarica, this Court should not entertain any dispositive motions until after the Court has resolved the pending motions for appointment of lead plaintiff and lead counsel and such lead plaintiff has had the opportunity to file a consolidated amended complaint.

### B. The Timing of PwC's Motion Is Inconsistent With The PwC Stipulation.

The timing of PwC's motion also runs afoul of the PwC Stipulation, to which PwC agreed on February 12, 2004.  PwC was properly served with the Complaint on January 29, 2004, and its time to respond to the Complaint under Federal Rule of Civil Procedure 12(a)(1)(A) expired on February 18, 2004.  On February 12, 2004, six days before its responsive pleading was due, PwC stipulated to the PwC Stipulation in return for an extension of its time to answer or otherwise respond to the complaint.  That stipulation extends PwC's time to answer or otherwise respond to the Complaint until "*after* the later of: (a) the Court's selection of a lead

plaintiff" or "(b) the date on which the consolidated amended complaint, if any, is served upon defendants."[5] PwC Stipulation at 1 (emphasis added) (attached hereto as Exhibit A).

Ignoring that stipulation, however, PwC filed its motion to dismiss on March 29, 2004, over one month after its motion was originally due, but before the appointment of lead plaintiff and the filing of an amended complaint. PwC apparently believes that it can conveniently take advantage of those terms of the PwC Stipulation that suit its purposes while at the same time disregarding those terms that do not. PwC cannot have it both ways — either the PwC Stipulation is effective, and PwC's motion to dismiss is premature, or the PwC Stipulation is a nullity, and PwC's motion is too late. PwC should be held to the bargain that it entered into under the PwC Stipulation.

## C.   PwC's Motion Is Premature Because It Runs Afoul Of The Procedures And Policies Of The PSLRA.

By filing motions to dismiss at this early stage of the litigation — before a lead plaintiff has been appointed and an amended consolidated complaint has been filed — PwC is undermining the PSLRA's definitive and comprehensive procedures governing "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). As the Slone court held, "the language of the PSLRA and its implementation by courts" support striking a motion to dismiss that has been filed before lead plaintiff proceedings and before the filing of an amended complaint by the Court-appointed lead plaintiff. Slone, supra, slip op. at 8.

---

[5]   By acting inconsistently with its obligations under the Stipulation and Order, PwC has effectively rescinded the Stipulation and Order and, given that it filed its motion well after its time to respond expired on February 18, 2004, PwC has defaulted under Federal Rule of Civil Procedure 55.

In particular, the appointment of lead plaintiff and lead counsel is critical to the fair and effective litigation of securities class actions on behalf of the class. As described by one court, "[t]he most significant procedural change effected by the PSLRA is the requirement that the Court appoint, at the initial stages of the litigation, a 'lead plaintiff.'" In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803, 807 (N.D. Ohio 1999). As described below, the procedures established by the PSLRA to govern the early stages of these actions are very specific.

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, Plaintiffs complied with this rule by publishing notice of this action on January 21, 2004. See Exhibit I attached hereto. Within 60 days after publication of that notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B). Importantly, the PSLRA further provides that within 90 days after publication of the required notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiffs the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B) (emphasis added). If a motion for consolidation is filed, however, the Court cannot appoint a lead plaintiff until that motion is decided. Id. Here, the deadline for filing such motions was March 22, 2004. On that date, Plaintiffs filed a motion for consolidation and for appointment of lead plaintiff and lead counsel. Although the Crawford Group has stipulated to appointment of the Hofmann Group as lead plaintiffs and to Milberg Weiss as lead counsel, see Lead Plaintiff Stipulation and Proposed

Order (attached hereto as Exhibit B), the Court has not yet appointed a lead plaintiff or lead counsel.

Congress provided a structure by which investors who have not filed the initial complaint can file petitions to be appointed lead plaintiff after a lawsuit has already been filed by others. The PSLRA's lead-plaintiff provisions were enacted to ensure that there existed a collective voice advocating for the members of the class and monitoring class counsel. Telxon, 67 F. Supp. 2d at 812-815. Here, it is important that the investor with largest financial interest be involved in the strategy of litigating any substantive motion addressed by the Court, given that according to the PSLRA, that is the person best suited to advocate effectively on behalf of the class. See In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 434 (E.D. Va. 2000) (an important purpose of the PSLRA is to ensure that securities fraud cases are controlled by sophisticated plaintiffs with large financial stakes in the case). Under PwC's approach, however, motions to dismiss could be filed, and responses to those motions would be required, before the date when lead plaintiff applications are even due, much less adjudicated by the Court. In that case, a prospective lead plaintiff who may not yet be a party could be bound by the actions of other parties and their counsel. Until this court appoints a lead plaintiff, no counsel is empowered to make strategic decisions and take the steps essential to the successful prosecution of the overall litigation. Thus, in cases where there are many plaintiffs and counsel, there may be multiple contradictory responses to a motion to dismiss that is filed before the appointment of lead plaintiff and lead counsel.

Obviously, the purposes and policy considerations behind the PSLRA are completely eviscerated by PwC's approach of litigating a motion to dismiss in a single case prior to appointment of lead plaintiff and lead counsel. By proceeding with the litigation prior to the lead

plaintiff determination, the Court effectively would strip absent class members of the right to assume control of the litigation at a critical phase and thus impair the rights of absent class members accorded by Congress.[6]

### D. PwC's Motion Is Premature Because This Action Has Not Been Consolidated With Similar Pending Actions And The Motion Therefore Invites Duplicative Or Conflicting Rulings

Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). The benefits of consolidation are that it promotes efficiency and judicial economy, eliminating the need for multiple answers to multiple complaints, streamlining discovery — allowing it to be directed only to the consolidated complaint — and avoiding the harassment of parties and witnesses from inquiries in multiple proceedings. See generally Katz v. Realty Equities Corp. of N.Y., 521 F.2d 1354 (2d Cir. 1975). Following consolidation, a consolidated complaint is filed which supersedes and replaces the previously-filed complaints. See In re Storage Technology Corp. Sec. Litig., 630 F. Supp. 1072, 1074 (D. Colo. 1986) (court ordered filing of consolidated complaint in securities action to specifically supersede all existing complaints in 15 actions consolidated).

Here, as PwC acknowledges,[7] the two presently pending actions involve class action claims on behalf of purchasers of Organogenesis securities which assert similar and overlapping

---

[6] PwC's tactic, if accepted, would, in fact, create a fatal conflict in the interpretation and application of the PSLRA. Under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." Section 21D(b)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"). Thus, if PwC's premature motion to dismiss were not stricken, Plaintiffs and the Court could arguably be barred from proceeding with the lead plaintiff motion and determination contemplated by Section 21D(a)(3)(A)-(B) of the Exchange Act.

[7] See PwC's Motion to Dismiss, dated April 5, 2004, at 1, filed in the Ahee Action.

class claims for relief against the same defendants. Consolidation is therefore appropriate and these actions, along with any additional similar actions, will likely be consolidated at some point in the future.[8] Thereafter, an amended consolidated complaint will be filed.

In making its motion to dismiss, PwC effectively disregards the principles of judicial economy and efficiency encompassed by consolidation and asks the Court to decide threshold legal issues on a piecemeal basis — issues that will undoubtedly arise in the Ahee Action and any similar class action relating to Organogenesis that are filed. See Slone, supra, slip op. at 8 (striking premature motion to dismiss in securities class action in part on grounds of "judicial economy"). Such duplication and inefficient activity is exactly what consolidation is designed to prevent.

### E.   PwC In No Way Would Be Prejudiced By Delaying Disposition Of Its Motion To Dismiss

By contrast, delaying disposition of PwC's motion in no way would prejudice PwC. Several Courts have ruled that the automatic discovery stay imposed by the PSLRA is operative from the outset of the case even before defendants have filed a motion to dismiss if they have signaled their intention to do so. See, e.g., In re Trump Hotel Shareholder Derivative Litigation, 1997 U.S. Dist. LEXIS 11353 (S.D.N.Y. August 5, 1997). Here, Plaintiffs have not propounded any discovery to PwC (or any other defendant). To the extent PwC is concerned that Plaintiffs may in the future serve discovery before its motion to dismiss is resolved, had it asked Plaintiffs to defer seeking discovery until after a ruling on any such motion, Plaintiffs would have so agreed. Thus, PwC is not being put to any expense or inconvenience by this action and would

---

[8]   Plaintiffs have moved for consolidation of these actions in conjunction with their motion for appointment of lead plaintiff, filed on March 22, 2004.

suffer no prejudice were the Court to suspend its motion to dismiss until after the lead plaintiff motions have been decided and a consolidated amended complaint has been filed.

### F. The Court Should Exercise Its Inherent And Express Powers To Control Its Docket And Strike PwC's Motion As Premature

It is beyond dispute that this Court has the inherent power to manage its docket. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962)(court has inherent power to manage its docket). Moreover, under Rule 16 of the Federal Rules of Civil Procedure, the Court's inherent power is supplemented with express power to plan and manage its docket through the use of the pre-trial conference. See generally In re San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 965 (1st Cir. 1993); Fed. R. Civ. P. 16(b). Given the complexities and present procedural posture of this action, as described above, Plaintiffs respectfully submit that the Court should strike PwC's motion to dismiss without prejudice to PwC's right to re-file that motion after the lead plaintiff determination and after the filing of a consolidated amended complaint.

Moreover, Rule 16 of the Federal Rules of Civil Procedure impliedly mandates that before motions, discovery or joinder of other parties can proceed, the Court must issue a scheduling order guaranteeing orderly procedure. As no such order has issued in this action — indeed, given the very recent filing of this suit, no Rule 16(b) conference has even occurred — PwC's motion to dismiss is clearly improper and should be stricken.

### G. Plaintiffs' Alternative Request For Relief

Alternatively, in the event Plaintiffs' motion to strike is denied, Plaintiffs respectfully request that they be afforded twenty (20) days from the entry of such order within which to respond to PwC's motion to dismiss on the merits. Such a brief interval will not prejudice PwC and Plaintiffs should not be put to the burden of responding on the merits before the preliminary question of whether PwC should be allowed to file its motion is decided.

- 13 -

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike PwC's motion to dismiss as premature, without prejudice to PwC's right to move to dismiss after these actions are consolidated, the Court has appointed lead plaintiff and lead counsel, and such lead plaintiff has filed a consolidated amended complaint. Alternatively, the Court should deem this brief a preliminary response to PwC's motion without prejudice to affording Plaintiff a reasonable interval — a requested twenty (20) days — to respond on the merits in the event the motion to strike is not granted.

DATED: April 12, 2004

Respectfully Submitted,

**MOULTON & GANS, P.C.**

By: _____
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, MA 02109
(617) 369-7979

**Proposed Liaison Counsel for proposed lead plaintiffs Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen**

**MILBERG WEISS BERSHAD HYNES & LERACH LLP**
Steven G. Schulman
Elaine S. Kusel
Peter Sloane
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
(212) 594-5300

**Proposed Lead Counsel for proposed lead plaintiffs Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen**

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on 4/12/04
_____

- 14 -